# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BURKEY, | ) | |
|     Petitioner, | ) | C.A. No. 06-122 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge McLaughlin |
| HARRY G. LAPPIN, | ) | Chief Magistrate Judge Baxter |
|     Respondent. | ) | |

## MEMORANDUM ORDER

      This habeas action filed pursuant to 28 U.S.C. § 2241 was referred to Chief United States Magistrate Judge Susan Paradise Baxter for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges. In the petition for habeas relief, Petitioner challenged the Bureau of Prisons' (the "BOP's") determination that he was not eligible for a reduction to his term of imprisonment under 18 U.S.C. § 3621(e)(2)(B)'s early release provision. He contended, *inter alia*, that the rule applied to automatically deny him early release – Paragraph 5(c), <u>Prior Early Release Granted</u>, of Program Statement 5331.01 – was promulgated in violation of the notice and comment requirements of the Administrative Procedures Act (the "APA"), 5 U.S.C. § 553(b), and is, therefore, invalid. As relief, he requested that this Court order his immediate release from imprisonment. (<u>See</u> Doc. No. 3 at 2; Doc. No. 19 at 9-10).

      On August 31, 2007, Chief Magistrate Judge Baxter issued her Report and Recommendation. (Doc. No. 20). She determined that the BOP had, as Petitioner contended, violated the APA. She recommended that Petitioner's request for habeas relief be granted.

      Respondent did not file objections to the Report and Recommendation. Instead, on September 10, 2007, he filed a <u>Notice of Suggestion of Mootness</u> informing us that the BOP had released Petitioner from imprisonment on September 7, 2007. (Doc. No. 21). He contends that because Petitioner has, through his release, achieved the object of his Petition, this case is now moot.

1

Generally, when a prisoner is challenging the BOP's execution of his sentence pursuant to a petition for writ of habeas corpus, the petition becomes moot if the prisoner completes his term of imprisonment before the habeas proceedings have concluded. See e.g., Spencer v. Kemna, 523 U.S. 1, 7-8 (1998); Lane v. Williams, 455 U.S. 624, 631-34 (1982). This rule stems from the well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. Spencer, 523 U.S. at 7. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a 'personal stake in the outcome' of the lawsuit." Id. (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)). Thus, if developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. See e.g., Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996); New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1496-97 (3d Cir. 1996); see also 13A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2d § 3533.3 (2d ed. 1984 & 2007 Supp.) ("The central question of all mootness problems is whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief.")

Petitioner argues that this case is not moot. He contends that he has suffered a collateral injury from the BOP's alleged APA violation because the unlawfully promulgated rule's application to him resulted in the service of excess prison time, which in turn led to the delayed commencement of his three-year term of supervised release. (Doc. No. 22). He admits that to avoid a finding of mootness, he must demonstrate that the delayed commencement of his supervised release is "likely to be redressed by a favorable judicial decision" from this Court. (Doc. No. 22 at 1-2 (quoting Spencer, 523 U.S. at 7). He does not dispute Respondent's contention that this habeas court cannot shorten the term of supervised release. See also United

2

States v. Johnson, 529 U.S. 53 (2000); Williams v. Sherman, 214 Fed.Appx. 264, 266 (3d Cir. 2007); Hinton v. Miner, 138 Fed.Appx. 484 (3d Cir. 2005). Nevertheless, he contends, we can still provide him with effective relief because if we adopt the magistrate judge's Report and Recommendation, he will use our decision to support a motion to modify his term of supervised release under 18 U.S.C. § 3583(e), which he intends to present to the Honorable Solomon Oliver, Jr., of the United States District Court for the Northern District of Ohio, who sentenced him in July 2003. He argues that "[a] favorable decision in this case will likely allow [him] to redress the injury he has suffered" because it will enable him to receive relief from his sentencing court. (Doc. No. 22 at 2).

We reject Petitioner's argument. It is pure speculation that a favorable decision from this Court would "likely" result in his sentencing court reducing or terminating his supervised release term under Section 3583(e). Petitioner relies upon *dicta* in United States v. Johnson, 529 U.S. 53 (2000), in which the United States Supreme Court suggested that a federal sentencing court may decide "as it sees fit," to modify an individual's term of supervised release under Section 3583(e) if he was incarcerated beyond the proper expiration of his prison term. Id. at 60. It does not follow that a case or controversy continues in the case before us, however. Because we cannot predict what weight, if any, the sentencing court will accord to a determination by us that Petitioner was improperly denied Section 3621(e)(2)(B)'s early release benefit, we are not persuaded that a favorable decision from us likely will result in his sentencing court shortening his supervised release term.

Additionally, we find that the actual holding in Johnson cuts against Petitioner's argument. In that case, the Supreme Court held that under the express terms of 18 U.S.C. § 3624(e), supervised release commences when an individual "is released from imprisonment," not when he should have been released from imprisonment.[1] Johnson, 529 U.S. at 57. In

---

[1] Roy Lee Johnson was originally sentenced in federal district court to an aggregate term of imprisonment of 111 months on multiple convictions for drug and firearms related offenses, to be followed by a three-year term of supervised release. Johnson, 529 U.S. at 54-55. He subsequently filed a motion under 28 U.S.C. § 2255 to vacate

3

support of its holding, it stated:

> While the text of § 3624(e) resolves the case, **we observe that our conclusion accords with the statute's purpose and design. The objectives of supervised release would by unfulfilled if excess prison time were to offset and reduce terms of supervised release. Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.** See [18 U.S.C.] § 3553(a)(2)(D); United States Sentencing Commission, Guidelines Manual §§ 5D1.3(c), (d), (e) (Nov.1998); see also S.Rep. No. 98-225, p. 124 (1983) (declaring that "the primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release"). Sentencing courts, in determining the conditions of a defendant's supervised release, are required to consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need … to afford adequate deterrence to criminal conduct; … to protect the public from further crimes of the defendant; … and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a). In the instant case, the transition assistance ordered by the trial court required [Johnson], among other conditions, to avoid possessing or transporting firearms and to participate in a drug dependency treatment program. These conditions illustrate that supervised release, unlike incarceration, provides individuals with postconfinement assistance. Cf. Gozlon-Peretz[v. United States, 498 U.S. 395, 407 (1991)] (describing "[s]upervised release [a]s a unique method of postconfinement supervision invented by the Congress for a series of sentencing reforms"). **The Court of Appeals erred in treating [Johnson's] time in prison as interchangeable with his term of supervised release.**

Id. at 57-58 (emphasis added). In our view, the Supreme Court's emphasis in Johnson on the distinct objectives of incarceration and supervised release and its statement that they are not to

---

two of his convictions, which the Government did not oppose. Id. at 55. The district court vacated the challenged convictions and modified Johnson's term of imprisonment to fifty-one months. Id. He had already served more than that amount of time, so the district court ordered his immediate release. Id. His term of supervised release then went into effect. Johnson filed another motion under 28 U.S.C. § 2255 to modify his sentence, requesting that the district court reduce his supervised release term by two and one-half years, the extra time served on his vacated convictions. Id. The district court denied relief, "explaining that pursuant to 18 U.S.C. § 3624(e) the supervised release commenced upon Johnson's actual release from incarceration, not before. Granting [Johnson] credit, the [district] court observed, would undermine Congress' aim of using supervised release to assist convicted felons in their transition to community life." Id. The United States Court of Appeals for the Sixth Circuit reversed in Johnson v. United States, 154 F.3d 569 (6th Cir. 1998). It accepted Johnson's argument that his term of supervised release commenced not on the day he left prison confines but earlier, when his lawful term of imprisonment expired. Id. at 55-56 (citing Johnson v. United States, 154 F.3d at 571). Awarding Johnson credit for the extra time served, the Sixth Circuit Court concluded, would provide meaningful relief because supervised release, while serving rehabilitative purposes, is also "punitive in nature." Id. at 56 (quoting Johnson v. United States, 154 F.3d at 572-73).
     In a unanimous decision, the Supreme Court reversed the Sixth Circuit Court. It held that 18 U.S.C. § 3624(e) unambiguously provides that supervised release cannot commence until an individual actually "is released from imprisonment." Johnson, 529 U.S. at 57.

4

be viewed as interchangeable punitive measures, actually detract from Petitioner's argument that his sentencing court is "likely" to reduce his term of supervised release based upon a finding that he served some period of excess imprisonment.

Finally, Petitioner has not directed us to any binding authority in which it was held that an Article III case or controversy remained under circumstances similar to those found in this case. We are aware that other courts of appeals have held that an individual's challenge to the execution of his sentence pursuant to a 28 U.S.C. § 2241 habeas petition is not moot upon that individual's release from incarceration because a sentencing court has the ability to shorten the period of supervised release under Section 3583(e). Gunderson v. Hood, 268 F.3d 1149 (9th Cir. 2001); Mujahid v. Daniels, 413 F.3d 991 (9th Cir. 2005); Levine v. Apker, 455 F.3d 71 (2d Cir. 2006) (relying in part on Mujahid); see also Johnson v. Pettiford, 442 F.3d 917, 918 n.7 (5th Cir. 2006) (citing Mujahid). We respectfully disagree with those decisions and do not find them to be persuasive on the issue of mootness. In our view, they rely inappropriately on the mere possibility that a sentencing court may modify a term of supervised release based upon a finding by a habeas court that an individual served excess prison time. More is required to maintain a case or controversy under Article III. Spencer, 523 U.S. at 7 (quoting Lewis, 464 U.S. at 477, and noting that to maintain a live case or controversy before a habeas court when an individual has been released from imprisonment, it must by "likely" that a collateral injury will be redressed by the habeas court's decision).

Because Petitioner has been released from imprisonment, this Court cannot provide him with effective relief on his habeas claims that the BOP unlawfully denied him Section 3621(e)(2)(B)'s early release benefit. It is therefore ORDERED that the case is DISMISSED AS MOOT. IT IS FURTHER ORDERED that the Clerk of Courts is directed to close this case.

DATE: December 14, 2007          s/   Sean J. McLaughlin
                                      SEAN J. MCLAUGHLIN
                                      UNITED STATES DISTRICT JUDGE
cm:   All counsel of record
      Chief U.S. Magistrate Judge Baxter